**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-00253 |
| | ) | Honorable Amy J. St. Eve |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PAPER SOURCE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

COMES NOW, Defendant Paper Source, Inc. ("Paper Source") and for its Answer to the Complaint of Plaintiff Symbology Innovations, LLC ("SI"), states as follows:

**NATURE OF THE ACTION**

1.      Paper Source admits that the Complaint purports to state a claim for patent infringement arising under the laws of the United States relating to patents, 35 U.S.C. §§ 101, *et seq*.  Paper Source admits that SI purports to seek monetary damages for alleged infringement of U.S. Patent Nos. 8,424,752 (the " '752 Patent"), 8,541,369 (the " '369 Patent"), 8,936,190 (the " '190 Patent"), and 7,992,773 (the " '773 Patent").  The '752, '369, '190, and '773 Patents are collectively referred to as the Asserted Patents.  Paper Source denies each and every allegation of paragraph 1 of the Complaint not specifically admitted.

## THE PARTIES

2.      Paper Source is without knowledge or information sufficient to form a belief as to the truth of where Plaintiff is headquartered and has its principal place of business.

3.      Paper Source admits that it is a company organized under the laws of the state of Illinois and has a place of business at 125 S. Clark St., Chicago, IL 60603.  Paper Source admits that its registered agent is National Corporate Research, Ltd., but denies all remaining allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Paper Source does not contest subject matter jurisdiction over this action and acknowledges that this case purports to be brought pursuant to the "Patent Laws of the United States."

5.      Paper Source does not contest personal jurisdiction over this action and acknowledges that it has locations and employees in Illinois.  Paper Source denies that SI has been injured by Paper Source's conduct in any legally cognizable fashion and each and every allegation of paragraph 5 of the Complaint not specifically admitted.

6.      Paper Source does not contest personal jurisdiction over this action and acknowledges it is regularly doing or soliciting business in Illinois.  Paper Source denies that its conduct has infringed any valid, enforceable patent asserted in this action and each and every allegation of paragraph 6 of the Complaint not specifically admitted.

7.      Paper Source does not contest personal jurisdiction over this action and acknowledges it has conducted and does conduct business in Illinois.  Paper Source

denies that its conduct has infringed any valid, enforceable patent asserted in this action and each and every allegation of paragraph 7 of the Complaint not specifically admitted.

8.     Paper Source does not contest personal jurisdiction over this action and acknowledges it has conducted and does conduct business in Illinois.  Paper Source denies that it practices any method described in the Asserted Patents or that its conduct has infringed any valid, enforceable patent asserted in this action and each and every allegation of paragraph 8 of the Complaint not specifically admitted.

9.     Paper Source does not contest venue over this action and acknowledges it has conducted and does conduct business in this District.  Paper Source denies that it practices any method described in the Asserted Patents or that its conduct has infringed any valid, enforceable patent asserted in this action and each and every allegation of paragraph 9 of the Complaint not specifically admitted.

10.    Paper Source admits that venue is proper in this action.

## FACTUAL ALLEGATIONS

### *'752 Patent*

11.    Paper Source admits that, according to the face of the '752 Patent, the United States Patent and Trademark Office issued the '752 Patent, titled "System and method for presenting information about an object on a portable electronic device," on April 23, 2014.  Paper Source denies each and every allegation of paragraph 11 of the Complaint not specifically admitted.

12.     Paper Source admits that SI claims to be the owner of the '752 Patent. Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Paper Source admits that the '752 Patent appears to contain three independent claims and twenty-five dependent claims.  Paper Source denies each and every allegation of paragraph 13 of the Complaint not specifically admitted.

14.     Paper Source denies that any patentable invention is claimed in the '752 Patent.

### '369 Patent

15.     Paper Source admits that, according to the face of the '369 Patent, the United States Patent and Trademark Office issued the '369 Patent, titled "System and method for presenting information about an object on a portable device," on February 18, 2014.  Paper Source denies each and every allegation of paragraph 15 of the Complaint not specifically admitted.

16.     Paper Source admits that SI claims to be the owner of the '369 Patent. Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Paper Source admits that the '369 Patent appears to contain three independent claims and twenty-five dependent claims.  Paper Source denies each and every allegation of paragraph 17 of the Complaint not specifically admitted.

18.     Paper Source denies that any patentable invention is claimed in the '369 Patent.

*'190 Patent*

19.     Paper Source admits that, according to the face of the '190 Patent, the United States Patent and Trademark Office issued the '190 Patent, titled "System and method for presenting information about an object on a portable electronic device," on January 20, 2015.  Paper Source denies each and every allegation of paragraph 19 of the Complaint not specifically admitted.

20.     Paper Source admits that SI claims to be the owner of the '190 Patent. Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.     Paper Source admits that the '190 Patent appears to contain three independent claims and seventeen dependent claims.  Paper Source denies each and every allegation of paragraph 21 of the Complaint not specifically admitted.

22.     Paper Source denies that any patentable invention is claimed in the '190 Patent.

*'773 Patent*

23.     Paper Source admits that, according to the face of the '773 Patent, the United States Patent and Trademark Office issued the '773 Patent, titled "System and method for presenting information about an object on a portable electronic device," on August 9, 2011.  Paper Source denies each and every allegation of paragraph 23 of the Complaint not specifically admitted.

24.     Paper Source admits that SI claims to be the owner of the '773 Patent. Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.     Paper Source admits that the '773 Patent appears to contain three independent claims and fifteen dependent claims.  Paper Source denies each and every allegation of paragraph 25 of the Complaint not specifically admitted.

26.     Paper Source denies that any patentable invention is claimed in the '773 Patent.

### Count I – Infringement of the '752 Patent

27.     Paper Source restates the foregoing paragraphs of this Answer and incorporates such responses by reference herein.

28.     Paper Source denies the allegations set forth in paragraph 28 of the Complaint.

29.     Paper Source denies the allegations set forth in paragraph 29 of the Complaint.

30.     Paper Source denies the allegations set forth in paragraph 30 of the Complaint.

31.     Paper Source admits that it has incorporated QR codes in advertisements. Paper Source denies each and every allegation of paragraph 31 of the Complaint not specifically admitted.

32.     Paper Source denies the allegations set forth in paragraph 32 of the Complaint.

33.     Paper Source denies the allegations set forth in paragraph 33 of the Complaint.

34.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36.     Paper Source denies the allegations set forth in paragraph 36 of the Complaint.

37.     Paper Source denies the allegations set forth in paragraph 37 of the Complaint.

38.     Paper Source denies the allegations set forth in paragraph 38 of the Complaint.

39.     Paper Source denies the allegations set forth in paragraph 39 of the Complaint.

## Count II – Infringement of the '369 Patent

40.     Paper Source restates the foregoing paragraphs of this Answer and incorporates such responses by reference herein.

41.     Paper Source denies the allegations set forth in paragraph 41 of the Complaint.

42.     Paper Source denies the allegations set forth in paragraph 42 of the Complaint.

43.     Paper Source denies the allegations set forth in paragraph 43 of the Complaint.

44.     Paper Source admits that it has incorporated QR codes in advertisements. Paper Source denies each and every allegation of paragraph 44 of the Complaint not specifically admitted.

45.     Paper Source denies the allegations set forth in paragraph 45 of the Complaint.

46.     Paper Source denies the allegations set forth in paragraph 46 of the Complaint.

47.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

49.     Paper Source denies the allegations set forth in paragraph 48 of the Complaint.

50.     Paper Source denies the allegations set forth in paragraph 49 of the Complaint.

51.     Paper Source denies the allegations set forth in paragraph 50 of the Complaint.

52.     Paper Source denies the allegations set forth in paragraph 52 of the Complaint.

## Count III – Infringement of the '190 Patent

53.     Paper Source restates the foregoing paragraphs of this Answer and incorporates such responses by reference herein.

54.     Paper Source denies the allegations set forth in paragraph 54 of the Complaint.

55.     Paper Source denies the allegations set forth in paragraph 55 of the Complaint.

56.     Paper Source denies the allegations set forth in paragraph 56 of the Complaint.

57.     Paper Source admits that it has incorporated QR codes in advertisements. Paper Source denies each and every allegation of paragraph 57 of the Complaint not specifically admitted.

58.     Paper Source denies the allegations set forth in paragraph 58 of the Complaint.

59.     Paper Source denies the allegations set forth in paragraph 59 of the Complaint.

60.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Paper Source denies the allegations set forth in paragraph 62 of the Complaint.

63.     Paper Source denies the allegations set forth in paragraph 63 of the Complaint.

64.     Paper Source denies the allegations set forth in paragraph 64 of the Complaint.

65.     Paper Source denies the allegations set forth in paragraph 65 of the Complaint.

## Count IV - Infringement of the '773 Patent

66.     Paper Source restates the foregoing paragraphs of this Answer and incorporates such responses by reference herein.

67.     Paper Source denies the allegations set forth in paragraph 67 of the Complaint.

68.     Paper Source denies the allegations set forth in paragraph 68 of the Complaint.

69.     Paper Source denies the allegations set forth in paragraph 69 of the Complaint.

70.     Paper Source admits that it has incorporated QR codes in advertisements. Paper Source denies each and every allegation of paragraph 70 of the Complaint not specifically admitted.

71.     Paper Source denies the allegations set forth in paragraph 71 of the Complaint.

72.     Paper Source denies the allegations set forth in paragraph 72 of the Complaint.

73.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint.

74.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint.

75.     Paper Source is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint.

76.     Paper Source denies the allegations set forth in paragraph 76 of the Complaint.

77.     Paper Source denies the allegations set forth in paragraph 77 of the Complaint.

78.     Paper Source denies the allegations set forth in paragraph 78 of the Complaint.

79.     Paper Source denies the allegations set forth in paragraph 79 of the Complaint.

## Demand for Jury Trial

80.     Paragraph 80 of the Complaint is a legal assertion to which no response is required.  To the extent a response is required, Paper Source likewise seeks a trial by jury of any and all causes of action asserted in this case.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Paper Source denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief as stated in the Complaint.  Paper Source respectfully requests the Court to deny the same.

## ADDITIONAL DEFENSES

Paper Source hereby asserts the following affirmative defenses to the claims and allegations contained in the Complaint, without admitting or acknowledging that Paper Source bears the burden of proof as to any of them.  Paper Source reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial or otherwise merits such additional defenses, counterclaims, or supplementation.

## FIRST ADDITIONAL DEFENSE

A.      Paper Source has not infringed, and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of U.S. Patent Nos. 8,424,752 (the " '752 Patent"), 8,541,369 (the " '369 Patent"), 8,936,190 (the " '190 Patent"), and 7,992,773 (the " '773 Patent").  The '752, '369, '190, and '773 Patents are collectively referred to as the Asserted Patents.

## SECOND ADDITIONAL DEFENSE

B.      Upon information and belief, one or more of the claims of the Asserted Patents are invalid for failing to satisfy the conditions of patentability set forth in the U.S. Patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. Grounds for this defense include, but are not limited to, invalidity under Section 101 for failing to claim patentable subject matter and invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self,  Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and

12

Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

### THIRD ADDITIONAL DEFENSE

C.  To the extent Plaintiff attempts to construe the scope of protection of one or more of the claims of the Asserted Patents to cover any product or process made, used, sold, or offered for sale by Paper Source, then such claims and the purported invention defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

### FOURTH ADDITIONAL DEFENSE

D.  By reason of applicants' acts, representations, and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the Asserted Patents, Plaintiff is estopped from asserting one or more of the claims of the Asserted Patents that is of such scope to cover any product or process made, used, sold, or offered for sale by Paper Source.

### FIFTH ADDITIONAL DEFENSE

E.  Plaintiff's claims are barred in whole, or in part, by principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

### SIXTH ADDITIONAL DEFENSE

F.  Should Paper Source be found to infringe any valid claim of the Asserted Patents, such infringement was not willful.

13

## SEVENTH ADDITIONAL DEFENSE

G.    Plaintiff is not entitled to relief under 35 U.S.C. § 284.

## EIGHTH ADDITIONAL DEFENSE

H.    Plaintiff is not entitled to relief under 35 U.S.C. § 285.

## NINTH ADDITIONAL DEFENSE

I.    Plaintiff is not entitled to an award of restitution.

## TENTH ADDITIONAL DEFENSE

J.    Upon information and belief, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## ELEVENTH ADDITIONAL DEFENSE

K.    Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for Paper Source's alleged infringement of the Asserted Patents.  Plaintiff will be unable to establish that (l) it has suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between Plaintiff and Paper Source, a remedy in equity is warranted; and (4) the public interest would not be disserved by an injunction.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Paper Source respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

## COUNTERCLAIMS

1.     Defendant/Counterclaim Plaintiff Paper Source, Inc. incorporates by reference its answers and affirmative defenses as if fully set forth herein and asserts the following counterclaims against Plaintiff/Counterclaim Defendant Symbology Innovations, LLC ("SI").

### Parties

2.     Paper Source is an Illinois corporation with its principal place of business at 125 S. Clark Street, Chicago, IL 60603.

3.     SI alleges in the Complaint that it is a limited liability company formed under the laws of Texas with a principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

### Jurisdiction and Venue

4.     These counterclaims include claims for declaratory judgment of patent non-infringement and invalidity and thus jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1338, and the Patent laws of the United States, 28 U.S.C. §§ 1338.

5.     SI asserts in the Complaint that it owns United States Patent No. 8,424,752 ("the '752 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on April 23, 2013.

6.     SI asserts in the Complaint that it owns United States Patent No. 8,651,369 ("the '369 patent"), which is entitled "system and method for presenting information about an object on a portable electronic device" and issued on February 18, 2014.

7.  SI asserts in the Complaint that it owns United States Patent No. 8,936,190 ("the '190 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on January 20, 2015.

8.  SI asserts in the Complaint that it owns United States Patent No. 7,992,773 ("the '773 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on August 9, 2011. The '752, '369, '190, and '773 patents are collectively referred to as the Asserted Patents.

9.  SI, through this lawsuit, has asserted and continues to assert that by incorporating QR codes into materials created by or for Paper Source for its customers that Paper Source has and is somehow committing infringement of one or more claims of the Asserted Patents, and has and is somehow inducing and/or contributing to its or others' direct infringement of the Asserted Patents.

10.  Paper Source is not infringing and is not threatening to infringe any claim of the Asserted Patents. Paper Source is not inducing and/or contributing to direct infringement and is not threatening to do so for any claim of the Asserted Patents.

11.  One or more of the claims of the Asserted Patents are invalid, unenforceable, and/or void.

12.  SI, through this lawsuit, has created a substantial controversy between itself and Paper Source of sufficient immediacy and reality to warrant relief.

## COUNT I

### Declaratory Relief Regarding Non-Infringement of the '752 Patent

13.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

14.     None of the claims of the '752 patent have been directly infringed by Paper Source.

15.     None of the claims of the '752 patent have been contributorily infringed by Paper Source.

16.     None of the claims of the '752 patent have been infringed by active inducement by Paper Source.

17.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '752 patent.

## COUNT II

### Declaratory Relief Regarding Invalidity of the '752 Patent

18.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

19.     One or more of the claims of the '752 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

20.     Upon information and belief, prior art to the '752 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

21.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '752 patent.

## COUNT III

### Declaratory Relief Regarding Non-Infringement of the '369 Patent

22.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

23.     None of the claims of the '369 patent have been directly infringed by Paper Source.

24.     None of the claims of the '369 patent have been contributorily infringed by Paper Source.

25.     None of the claims of the '369 patent have been infringed by active inducement by Paper Source.

26.     Based on SI's filing of its suit and Paper Source's additional defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '369 patent.

## COUNT IV

## Declaratory Relief Regarding Invalidity of the '369 Patent

27.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

28.     One or more of the claims of the '369 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

29.     Upon information and belief, prior art to the '369 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

30.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '369 patent.

## COUNT V

### Declaratory Relief Regarding Non-Infringement of the '190 Patent

31.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

32.     None of the claims of the '190 patent have been directly infringed by Paper Source.

33.     None of the claims of the '190 patent have been contributorily infringed by Paper Source.

34.     None of the claims of the '190 patent have been infringed by active inducement by Paper Source.

35.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '190 patent.

## COUNT VI

### Declaratory Relief Regarding Invalidity of the '190 Patent

36.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

37.     One or more of the claims of the '190 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

38.     Upon information and belief, prior art to the '190 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self,  Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

39.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '190 patent.

## COUNT VII

### Declaratory Relief Regarding Non-Infringement of the '773 Patent

40.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

41.     None of the claims of the '773 patent have been directly infringed by Paper Source.

42.     None of the claims of the '773 patent have been contributorily infringed by Paper Source.

43.     None of the claims of the '773 patent have been infringed by active inducement by Paper Source.

44.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '773 patent.

## COUNT VIII

## Declaratory Relief Regarding Invalidity of the '773 Patent

45.     Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

46.     One or more of the claims of the '773 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

47.     Upon information and belief, prior art to the '773 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self,  Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

48.     Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '773 patent.

## **PAPER SOURCE'S PRAYER FOR RELIEF**

WHEREFORE, Paper Source respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a)     Dismissal of all of Plaintiff's claims in their entirety with prejudice;

(b)     A finding that Plaintiff take nothing by way of its Complaint;

(c)     An order awarding Paper Source its costs and disbursements in this action, including reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and other applicable law;

(d)     A declaration that Paper Source has not infringed any claim of the Asserted Patents;

(f)     A declaration that one or more of the claims of the Asserted Patents is invalid;

(g)     A declaration that one or more of the claims of the Asserted Patents is unenforceable;

(i)     A declaration that the asserted claims of the Asserted Patents cannot validly cover Paper Source's use of QR codes;

(j)     A finding that this case is exceptional pursuant to § 285; and

(k)     An award to Paper Source of such further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Paper Source, Inc. respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

Date: March 20, 2017          THOMPSON COBURN LLP

By _/s/ Michael A. Parks_
      Michael A. Parks (#6217230)
      Jonathan G. Musch (#6282011)
      mparks@thompsoncoburn.com
      jmusch@thompsoncoburn.com
      THOMPSON COBURN LLP
      55 E. Monroe St.
      Chicago, IL 60603
      (312) 346-7500
      (312) 580-2201 (fax)

      ***Attorneys for Defendant Paper Source, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2017, a true and correct copy of the above document was filed with the Clerk of Court via the Court's ECF System, and served on all counsel of record.

      _/s/ Michael A. Parks_