**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SYMBOLOGY INNOVATIONS, LLC** | § | |
| **Plaintiff,** | § | **CASE NO. 1:17-cv-00253** |
| | § | **HONORABLE AMY J. ST. EVE** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **PAPER SOURCE, INC.,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Plaintiff and Counterdefendant Symbology Innovations, LLC ("Symbology") hereby responds to and answers the Affirmative Defenses and Counterclaims (Dkt. No. 12) of Defendant and Counterclaimant Paper Source, Inc., ("Counterclaimant") as follows:

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

A. Paper Source has not infringed, and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of U.S. Patent Nos. 8,424,752 (the " '752 Patent"), 8,541,369 (the " '369 Patent"), 8,936,190 (the " '190 Patent"), and 7,992,773 (the " '773 Patent"). The '752, '369, '190, and '773 Patents are collectively referred to as the Asserted Patents.

**Answer**: Symbology denies Counterclaimant's first defense.

### SECOND ADDITIONAL DEFENSE

B. Upon information and belief, one or more of the claims of the Asserted Patents are invalid for failing to satisfy the conditions of patentability set forth in the U.S. Patent laws,

including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. Grounds for this defense include, but are not limited to, invalidity under Section 101 for failing to claim patentable subject matter and invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002- 118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

**Answer**: Symbology denies Counterclaimant's second defense.

**THIRD ADDITIONAL DEFENSE**

C. To the extent Plaintiff attempts to construe the scope of protection of one or more of the claims of the Asserted Patents to cover any product or process made, used, sold, or offered for sale by Paper Source, then such claims and the purported invention defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

**Answer**: Symbology denies Counterclaimant's third defense.

**FOURTH ADDITIONAL DEFENSE**

D. By reason of applicants' acts, representations, and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the Asserted Patents, Plaintiff is estopped from asserting one or more of the claims of the Asserted Patents that is of such scope to cover any product or process made, used, sold, or offered for sale by Paper Source.

**Answer:** Symbology denies Counterclaimant's fourth defense.

**FIFTH ADDITIONAL DEFENSE**

E. Plaintiff's claims are barred in whole, or in part, by principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

**Answer:** Symbology denies Counterclaimant's fifth defense. Further, Counterclaimant's is barred from alleging laches as a defense to patent infringement per the Supreme Court's decision in *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, NO. 15-927 (March 21, 2017).

**SIXTH ADDITIONAL DEFENSE**

F. Should Paper Source be found to infringe any valid claim of the Asserted Patents, such infringement was not willful.

**Answer:** Symbology denies Counterclaimant's sixth defense.

**SEVENTH ADDITIONAL DEFENSE**

G. Plaintiff is not entitled to relief under 35 U.S.C. § 284.

**Answer:** Symbology denies Counterclaimant's seventh defense.

**EIGHT ADDITIONAL DEFENSE**

H. Plaintiff is not entitled to relief under 35 U.S.C. § 285.

**Answer:** Symbology denies Counterclaimant's eight defense.

**NINTH ADDITIONAL DEFENSE**

I. Plaintiff is not entitled to an award of restitution.

**Answer:** Symbology denies Counterclaimant's ninth defense.

**TENTH ADDITIONAL DEFENSE**

J. Upon information and belief, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**Answer:** Symbology denies Counterclaimant's tenth defense.

**ELEVENTH ADDITIONAL DEFENSE**

K. Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for Paper Source's alleged infringement of the Asserted Patents. Plaintiff will be unable to establish that (l) it has suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between Plaintiff and Paper Source, a remedy in equity is warranted; and (4) the public interest would not be disserved by an injunction.

**Answer:** Symbology denies Counterclaimant's eleventh defense.

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38, Paper Source respectfully demands a trial by of any and all issues triable or right by jury in this action.

**Answer:** This paragraph requires no response from Symbology.

**COUNTERCLAIMS**

1. Defendant/Counterclaim Plaintiff Paper Source, Inc. incorporates by reference its answers and affirmative defenses as if fully set forth herein and asserts the following counterclaims against Plaintiff/Counterclaim Defendant Symbology Innovations, LLC ("SI").

**Answer:** Symbology admits that Counterclaimant purports to allege its Counterclaims for Declaratory Relief against Symbology. Symbology denies the rest of the allegations in paragraph 1.

**THE PARTIES**

2. Paper Source is an Illinois corporation with its principal place of business at 125 S. Clark Street, Chicago, IL 60603.

**Answer:** Symbology admits the allegations in Paragraph 2.

3. SI alleges in the Complaint that it is a limited liability company formed under the laws of Texas with a principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

**Answer:** Symbology admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. These counterclaims include claims for declaratory judgment of patent noninfringement and invalidity and thus jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1338, and the Patent laws of the United States, 28 U.S.C. §§ 1338.

**Answer:** Symbology admits the allegations in Paragraph 4.

5. SI asserts in the Complaint that it owns United States Patent No. 8,424,752 ("the '752 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on April 23, 2013.

**Answer:** Symbology admits the allegations in Paragraph 5.

6. SI asserts in the Complaint that it owns United States Patent No. 8,651,369 ("the '369 patent"), which is entitled "system and method for presenting information about an object on a portable electronic device" and issued on February 18, 2014.

**Answer:** Symbology admits the allegations in Paragraph 6.

7. SI asserts in the Complaint that it owns United States Patent No. 8,936,190 ("the '190 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on January 20, 2015.

**Answer:** Symbology admits the allegations in Paragraph 7.

8. SI asserts in the Complaint that it owns United States Patent No. 7,992,773 ("the '773 patent"), which is entitled "System and method for presenting information about an object on a portable electronic device" and issued on August 9, 2011. The '752, '369, '190, and '773 patents are collectively referred to as the Asserted Patents.

**Answer:** Symbology admits the allegations in Paragraph 8.

9. SI, through this lawsuit, has asserted and continues to assert that by incorporating QR codes into materials created by or for Paper Source for its customers that Paper Source has and is somehow committing infringement of one or more claims of the Asserted Patents, and has and is somehow inducing and/or contributing to its or others' direct infringement of the Asserted Patents.

**Answer:** Symbology admits the allegations in Paragraph 9.

10. Paper Source is not infringing and is not threatening to infringe any claim of the Asserted Patents. Paper Source is not inducing and/or contributing to direct infringement and is not threatening to do so for any claim of the Asserted Patents.

**Answer:** Symbology denies the allegations in Paragraph 10.

11. One or more of the claims of the Asserted Patents are invalid, unenforceable, and/or void.

**Answer:** Symbology denies the allegations in Paragraph 11.

12. SI, through this lawsuit, has created a substantial controversy between itself and Paper Source of sufficient immediacy and reality to warrant relief.

**Answer:** Symbology admits the allegations in Paragraph 12.

**COUNT I**

**Declaratory Relief Regarding Non-Infringement of the '752 patent**

13. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-12 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 13.

14. None of the claims of the '752 patent have been directly infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 14.

15. None of the claims of the '752 patent have been contributorily infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 15.

16. None of the claims of the '752 patent have been infringed by active inducement by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 16.

17. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '752 patent.

**Answer:** Symbology admits the allegations in Paragraph 17.

**COUNT II**

**Declaratory Relief Regarding Invalidity of the '752 patent**

18. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-17 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 18.

19. One or more of the claims of the '752 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

**Answer:** Symbology denies the allegations in Paragraph 19.

20. Upon information and belief, prior art to the '752 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

**Answer:** Symbology denies the allegations in Paragraph 20.

21. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '752 patent.

**Answer:** Symbology admits the allegations in Paragraph 21.

**COUNT III**
**Declaratory Relief Regarding Non-Infringement of the '369 patent**

22. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-21 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 22.

23. None of the claims of the '369 patent have been directly infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 23.

24. None of the claims of the '369 patent have been contributorily infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 24.

25. None of the claims of the '369 patent have been infringed by active inducement by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 25.

26. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '369 patent.

**Answer:** Symbology admits the allegations in Paragraph 26.

## COUNT IV
## Declaratory Relief Regarding Invalidity of the '369 patent

27. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-26 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 27.

28. One or more of the claims of the '369 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

**Answer:** Symbology denies the allegations in Paragraph 28.

29. Upon information and belief, prior art to the '369 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

**Answer:** Symbology denies the allegations in Paragraph 29.

30. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '369 patent.

**Answer:** Symbology admits the allegations in Paragraph 30.

## COUNT V
## Declaratory Relief Regarding Non-Infringement of the '190 patent

31. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-30 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 31.

32. None of the claims of the '190 patent have been directly infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 32.

33. None of the claims of the '190 patent have been contributorily infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 33.

34. None of the claims of the '190 patent have been infringed by active inducement by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 34.

35. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '190 patent.

**Answer:** Symbology admits the allegations in Paragraph 35.

**COUNT VI**
**Declaratory Relief Regarding Invalidity of the '190 patent**

36. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-35 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 36.

37. One or more of the claims of the '190 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

**Answer:** Symbology denies the allegations in Paragraph 37.

38. Upon information and belief, prior art to the '190 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited

to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

**Answer:** Symbology denies the allegations in Paragraph 38.

39. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '190 patent.

**Answer:** Symbology admits the allegations in Paragraph 39.

**COUNT VII**
**Declaratory Relief Regarding Non-Infringement of the '773 patent**

40. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-39 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 40.

41. None of the claims of the '773 patent have been directly infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 41.

42. None of the claims of the '773 patent have been contributorily infringed by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 42.

43. None of the claims of the '773 patent have been infringed by active inducement by Paper Source.

**Answer:** Symbology denies the allegations in Paragraph 43.

44. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Paper Source has infringed any claim of the '773 patent.

**Answer:** Symbology admits the allegations in Paragraph 44.

**COUNT VIII**
**Declaratory Relief Regarding Invalidity of the '773 patent**

45. Paper Source re-alleges the allegations of the previous paragraphs of its counterclaims as if fully set forth herein.

**Answer:** Symbology re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-44 with the same force and effect as if fully rewritten herein. Symbology denies any and all remaining allegations in Paragraph 45.

46. One or more of the claims of the '773 patent is invalid for failing to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 101, 102, 103, and 112.

**Answer:** Symbology denies the allegations in Paragraph 46.

47. Upon information and belief, prior art to the '773 patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103. Grounds for this assertion include, but are not limited to, invalidity under Section 102 as anticipated by Published US Application No. 2007/0215685, "System and Method of Product Identification Using a URL" to Self, Laid-Open Japanese Patent Application No. 2002-118680, "Portable Communication Terminal Device" to Denso/Ekusa and Hara, and Published US Application No. 2009/0108057, "Using Quick Response Codes to Provide Interactive Services," to Hong.

**Answer:** Symbology denies the allegations in Paragraph 47.

48. Based on SI's filing of its suit and Paper Source's affirmative defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '773 patent.

**Answer:** Symbology admits the allegations in Paragraph 48.

## RESPONSES TO PAPER SOURCE'S PRAYER FOR RELIEF

Counterclaimant's Prayer For Relief requires no answer. To the extent that an answer is required, Symbology denies any and all allegations in the Prayer For Relief and denies that Counterclaimant is entitled to any relief, including any declaration, injunction, costs, attorneys' fees, expenses, or any other relief of any kind, including, without limitation, Subparagraphs (a) through (k) of Counterclaimant's Prayer For Relief.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Paper Source, Inc. respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

**Answer:** This paragraph requires no response from Symbology.

## GENERAL DENIAL

Symbology denies each and every allegation in the Counterclaims to which Symbology has not specifically responded and expressly admitted, including any allegations that may be implied by or inferred from the headings of the same.

## FIRST DEFENSE
## Failure to State a Claim

1. The Counterclaims fail to state a claim upon which relief can be granted. The Counterclaims do not meet the pleading requirements set forth in the Federal Rules of Civil Procedure as explained by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, the Counterclaims fail to properly allege non-infringement and unenforceability of the '752, '369, '190 and '773 patents as well as invalidity under the provisions of Title 35, United States Code.

**SECOND DEFENSE**
**No Exceptional Case or Attorney's Fees**

2. Counterclaimant cannot meet the requirements for an exceptional case or an award of attorney's fees pursuant to 35 U.S.C. § 285.

**THIRD DEFENSE**
**Reservation of all affirmative defenses**

3. Symbology reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

**PRAYER FOR RELIEF**

The Counterclaims should be dismissed, and the relief Symbology prays for in the Complaint should be granted.

Dated: April 7, 2017

Respectfully Submitted,

By:

*/s/ Eugenio J. Torres-Oyola*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean Vidal-Font
Ferraiuoli LLC
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

*Local Counsel*:

Frank John Andreou
Andreou & Casson, Ltd.
661 West Lake Street, Suite 2 North
Chicago, Illinois 60661
Telephone: (312) 935-2000
fandreou@andreou-casson.com

Brittni Wynser King
Andreou & Casson, Ltd.
661 West Lake Street
Suite 2n
Chicago, IL 60661
(312) 935-2000
bking@andreou-casson.com

**ATTORNEYS FOR PLAINTIFF SYMBOLOGY INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 7th, 2017 I electrically filed the foregoing *Answer To Counterclaim And Affirmative Defenses* with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola